**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SPENCER KNIGHT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANKLIN J. TENNIS, et al.** | : | **NO. 05-5107** |

**Norma L. Shapiro, S.J.**                                      **June 5, 2007**

## <u>MEMORANDUM & ORDER</u>

Petitioner Spencer Knight has filed a *pro se* petition for a writ of *habeas corpus* under 28

U.S.C. § 2254.  It was referred to United States Magistrate Judge Jacob P. Hart ("Judge Hart")

who filed a Report and Recommendation ("R&R") recommending that the petition be denied.

Petitioner filed timely objections.  For the reasons discussed in this Memorandum, the R&R is

approved, and the petition is denied.

## I.      Procedural History

Spencer Knight was convicted of George Dean's murder after entering a plea of not guilty

in the Court of Common Pleas of Philadelphia County.  Prior to a bench trial before the

Honorable Benjamin Lerner ("Judge Lerner"), Petitioner moved for suppression of his statement

to police.  After testimony by the defendant and the police detective who took the statement, that

motion was denied by Judge Lerner.

Petitioner argued at trial that he was acting in self-defense.  Judge Lerner, finding

Petitioner guilty of first degree murder and related weapons offenses, sentenced him to life

imprisonment.

On direct appeal, Petitioner claimed that there was insufficient evidence to support a

conviction for first degree murder and that the motion to suppress was inappropriately denied.

The Superior Court of Pennsylvania affirmed the judgment and sentence.  Petitioner did not seek allocatur from the Pennsylvania Supreme Court.

On May 27, 2004, Petitioner filed under the state Post Conviction Relief Act.  Before the PCRA petition had been resolved, he also filed a habeas petition in this court.  Because it included three new claims which had not been adjudicated in Petitioner's direct appeal, the habeas petition was dismissed as mixed.  The PCRA Court reinstated Petitioner's right to file an appeal in the Pennsylvania Supreme Court, which denied allocatur.

On September 26, 2005, Petitioner, filing this petition for a writ of habeas corpus, asserted the two claims he made in his direct appeal: that the evidence at trial was insufficient to convict him of first degree murder, and that the motion to suppress his statement to the police was inappropriately denied.[1]

## II.     Report and Recommendation

In examining the sufficiency of evidence claim,  Judge Hart concluded that "[f]aced with this evidence, the state courts properly determined that there was sufficient evidence to support the verdict" because "[r]ather than retreating from the situation, as is required to establish self-defense, Knight forced the confrontation. . . ."  R&R at 5.  The Commonwealth had proven that Petitioner did not meet the Pennsylvania requirements for a claim of self-defense.

On the motion to suppress, Judge Hart noted that ". . . the trial court denied the motion to suppress, rejecting [Petitioner]'s testimony and crediting that of Detective McNamee. . . . [and

---

[1]The petition also briefly addresses a claim of ineffectiveness of counsel, but it is not enumerated as a "Question Presented," nor is it addressed as a separate argument.  Petition at vii. Even if Petitioner intended to make an ineffectiveness of counsel claim in the original petition, he has waived it by not listing it in his objections to the R&R.  Pet. Obj. 3-4.  Finally, since ineffectiveness of counsel was not presented in state court, the claim has not been exhausted. Com. v. Knight, 2885 EDA 2002 1 (Pa. Super. 2004).  See 28 U.S.C. § 2254(b).

that Petitioner] has presented no evidence to cause us to question the trial court's credibility

determination."  R&R at 7.  Judge Hart found, "Detective McNamee . . . stated that he read

Knight his <u>Miranda</u> rights and Knight never requested counsel or the presence of any family

member" and Judge Lerner's belief in the Detective's truthfulness was reasonable.

## III.    Background

George Dean was shot to death on December 7, 1999.  Petitioner, according to his

statement to police, had purchased a gun a few weeks earlier to protect himself from Dean, who

had threatened and assaulted Petitioner in the past.  On the afternoon of the shooting, Petitioner

saw Dean and two friends outside a grocery store.  Petitioner went inside the store for a moment,

exited, and went around the corner to extract the gun from some bushes, where he had hidden it.

About five minutes later, he returned to where Dean and friends were standing, and approached

them with the gun.

Petitioner claims Dean "flinched" at this point, though eyewitness testimony contradicts

that contention.  Petitioner shot Dean "three or four times."  Bennett G. Preston, M.D., the

Medical Examiner, testified that Dean was hit twice.  One bullet entered the left chest and

pierced the heart and lungs before lodging in the right chest.  The other entered the back and

went through the left kidney, spleen, bowels and stomach.

When Petitioner was placed under arrest, he gave the police a statement acknowledging

he shot Dean.

## IV.    Petitioner's Objections

Petitioner objects to Judge Hart's findings on both the sufficiency of the evidence and the

motion to suppress.  Petitioner asserts that he acted in self-defense because "the victim was

reaching for something that [Petitioner] assumed was a weapon, and [Petitioner] reacted to his movements, and shot the victim . . . ."  Objection to the Report & Recommendation ("Pet. Obj.") 4.  He claims his police statement should have been suppressed because his request for a lawyer or his father at his questioning was refused by police detectives.  Pet. Obj. at 4.  He also claims he was high on "non prescribe pills [*sic*]" at the time he gave the statement, and was forced to sign it.  Pet. Obj. at 3.

**V.      Standard of Review**

When a petitioner objects to portions of a magistrate judge's report and recommendation, a district court must review those portions *de novo*.  See 28 U.S.C. § 636(b)(1)(c).

A district court cannot issue a writ of habeas corpus for a person serving a state court sentence unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  When the petitioner claims there was insufficient evidence to convict him in the state court, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 312 (1979) (emphasis in original).  The state court's determinations of fact, including those pertaining to the credibility of witnesses, are presumed correct.  Petitioner can only overcome that presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**VI.     Discussion**

4

A.    <u>Sufficiency of the Evidence</u>

Petitioner asserts that "[d]ue to all the confrontations that [Petitioner] did had with the victim (George Dean), as [Petitioner] was going about his business doing that time of the allege crime of murder, the victim was reaching for something that [Petitioner] assumed was a weapon, and [Petitioner] reacted to his movements, and shot the victim out of fear and being scared of the victim from what all the victim had done and said to [Petitioner] in the pas[t] [*sic*] . . . ."  Pet. Obj. at 4.  Under Pennsylvania law,

> [w]here there is a claim of self-defense, the Commonwealth has the burden to prove beyond a reasonable doubt that the killing was not committed in self-defense.  In order to disprove self-defense, the Commonwealth must prove beyond a reasonable doubt one of the following elements: (1) that the defendant did not reasonably believe it was necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary to save himself from death, great bodily harm, or the commission of a felony; (2) that the defendant provoked the use of force; or (3) that the defendant had a duty to retreat and that retreat was possible with complete safety. [citations omitted]

<u>Commonwealth v. Burns</u>, 765 A.2d 1144, 1148-49 (Pa. Super. 2000).  Viewing the evidence in the light most favorable to the Commonwealth of Pennsylvania, as <u>Jackson</u> requires, it is clear that a rational trier of fact could conclude that Petitioner did not believe he was in danger, and failed to retreat.

Deadly force was not used to protect Petitioner; it could be reasonably inferred it was used on the basis of a previously formed intention to kill his victim.  When he first saw George Dean outside the grocery store on the day of the murder, Petitioner did not avoid Dean, as he would if he truly feared "death or serious bodily harm" on the basis of their prior encounters.  <u>Id</u>. Instead, he went around the corner to obtain a gun.  N.T. 8/12/02 121.  Petitioner had bought it specifically with the victim in mind, and had hidden it in the bushes near a place he knew the

5

victim could often be found.  Id.  He then returned to the spot where he had seen the victim

moments earlier, and shot him.  N.T. 8/12/02 122  Petitioner claims he was simply passing by

that corner again on the way to meet with his music manager, and not to shoot Dean, but Judge

Lerner found otherwise.[2]  Petitioner's "Informal Request Brief Motion" 5 (appended to Pet.).

When the victim turned to run after being shot, Petitioner shot him again in the back.  N.T.

8/15/02 115.

Petitioner claims that the victim "flinched," i.e., reached for a weapon to inflict harm on

Petitioner.  N.T. 8/12/02 122.  However, two eyewitnesses testified for the Commonwealth that

the victim made no motion whatsoever prior to the shooting.  N.T. 8/12/02 18, 73.  Even if

George Dean did "flinch," a small movement would not raise a reasonable doubt that Petitioner

intended to shoot Dean.  To overcome Judge Lerner's finding that Petitioner did not "believe it

was necessary to kill in order to protect himself against death or serious bodily harm," Petitioner

would need "clear and convincing evidence."  Burns, 765 A.2d at 1149; 28 U.S.C. § 2254(e)(1).

Petitioner's actions are consistent not with self-defense, but with anger at being "chased

---

[2] This assertion contradicts Petitioner's statement to police, which Detective John
McNamee read as part of his testimony at trial.  In Petitioner's statement, Petitioner said that
when he returned to the corner he "said to [him]self, you know, if he [Dean] act like he's
reaching or whatever I'm gonna shoot him or whatever. [sic]"  N.T. 8/12/02 122.  Judge Lerner
accepted this testimony's veracity, determining that Petitioner came

> walking back there for the specific purpose - I think the Commonwealth has proved
> beyond a reasonable doubt for the specific purpose and with the specific intent . . . to do
> exact what he did do, which is to come back there and not wait for anything to happen,
> not wait for him to be attacked again . . . .  And what he then did raises this . . . to first
> degree murder, which is murder with a specific intent to kill.

N.T. 8/15/02 114-115.  Petitioner has not offered anything resembling "clear and convincing
evidence" to rebut the presumption that Judge Lerner's factual finding is correct.  28 U.S.C. §
2254(e)(1).

around [his] own neighborhood."  N.T. 8/12/05 121.  Viewed in the light most favorable to the

Commonwealth, the evidence is far from "clear and convincing" that any of Judge Lerner's

factual findings were incorrect.  28 U.S.C. § 2254(e)(1).  A rational trier of fact could conclude

beyond a reasonable doubt that Petitioner did not believe shooting Dean was necessary to save

himself, and did not fulfill his legal duty to retreat.  See Jackson, 443 U.S. at 312; Burns, 965

A.2d at 1148-49.  There was sufficient evidence to support a conviction for first degree murder.

     B.     Suppression of Petitioner's Statement to Police

During the suppression hearing immediately preceding the trial, Detective McNamee

testified that Petitioner was read his Miranda rights before giving his statement and never

requested counsel or the presence of any family member.  N.T. 8/12/02 21.  McNamee also

testified that Petitioner's responses to questions about his understanding of his rights were

transcribed, and that Petitioner initialed each response and signed his name to the Miranda

questionnaire.  N.T. 8/12/02 17-19.  Finally, he testified that Petitioner appeared lucid, coherent,

and not high on drugs.  N.T. 8/12/02 21.

Petitioner testified his request for a lawyer or his father was denied by the detectives

questioning him.  N.T. 8/12/02 28.  He also claimed he was forced to sign the Miranda

questionnaire, although no specific threats were made and he "didn't know anything specific was

going to happen."  Id. at 29-31.  Finally, Petitioner claimed he was "under the influence" of PCP

when he signed the questionnaire and the statement.  N.T. 8/12/02 33.  At the suppression

hearing, Petitioner did not specifically state he was too high to understand what he was signing,

but he did not remember signing the statement.  N.T. 8/12/02 33-35.

Judge Lerner credited the veracity of Detective McNamee's testimony over Petitioner's.

He found that "the Commonwealth [had] established by a preponderance of the evidence that this statement given by Mr. Spencer Knight . . . was given intelligently and voluntarily, and Mr. Knight was fully aware of his rights, fully advised of his rights, and showed full comprehension of his rights." N.T. 8/12/02 41.

When considering a habeas petition, this court must presume all state court factual determinations, including credibility determinations, are correct unless "clear and convincing evidence" to the contrary is offered by the petitioner. 28 U.S.C. § 2254(e)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 339-40 (2003). Petitioner has offered no "clear and convincing evidence" that his testimony is more credible than Detective McNamee's. Petitioner has damaged his credibility further in his federal habeas petition by changing the description of the drugs he had supposedly taken from PCP to "non prescribe pills." There is no reason to doubt Judge Lerner's credibility determination. The state court's decision not to suppress Petitioner's statement was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC § 2254(d).

**VII.    Conclusion**

Judge Hart's decision to deny the writ of habeas corpus was correct; the R&R will be approved. An appropriate order will issue. As no reasonable jurist would decide differently, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SPENCER KNIGHT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANKLIN J. TENNIS, et al.** | : | **NO. 05-5107** |

## <u>ORDER</u>

    **AND NOW**, this 5th day of June, 2007, upon consideration of Judge Hart's Report and Recommendation, petitioner's objections thereto, and all other relevant papers, for the reasons set forth in the accompanying memorandum, it is **ORDERED**:

    1. The Report and Recommendation is **APPROVED**.

    2. The objections filed by petitioner are **OVERRULED**.

    3. The Petition for Writ of Habeas Corpus is **DENIED**.

    4. There is no basis for issuing a certificate of appealability.

_____

S.J.
